## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LATHAM & WATKINS LLP
555 Eleventh Street, N.W.,
Suite 1000
Washington, D.C. 20004,

       Plaintiff,

  v.

U.S. FOOD AND DRUG
ADMINISTRATION
10903 New Hampshire Avenue
Silver Spring, MD 20993,

       Defendant.

Case No. 1:20-cv-509

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Latham & Watkins LLP (Latham) brings this complaint for declaratory and injunctive relief, and states as follows in support thereof:

### PRELIMINARY STATEMENT

1.    The Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257. FOIA also recognizes that the government cannot sit on its hands forever; it must make timely determinations regarding what documents it possesses that are responsive to a specific request, and when it will produce them. *See* 5 U.S.C. § 552(a)(6)(A)(i).

2.      Defendant Food and Drug Administration (FDA) administers the federal government's food and drug laws, including, as relevant here, the federal framework for new drug approval under the Federal Food, Drug, and Cosmetic Act (FDCA).  *See* 21 U.S.C. § 355

3.      Within the past three years, FDA has approved two drugs that contain the same active ingredient: "cocaine hydrochloride."  *See* FDA, Approval Letter for Genus Lifesciences, Inc.'s Goprelto (Dec. 14, 2017) (approving "the use of GOPRELTO (cocaine hydrochloride nasal solution,        4%)"),        https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2017/ 209963Orig1s000ltr.pdf; FDA, Approval Letter for Cody Laboratories, Inc.'s Numbrino (Jan 10, 2020)  (approving  "NUMBRINO  (cocaine  hydrochloride)  nasal  solution,  4%"), https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2020/209575Orig1s000ltr.pdf.

4.      In order to fully understand the bases for FDA's approvals, on January 15, 2020, Latham filed a FOIA request with FDA seeking information about the two cocaine hydrochloride drug approvals (the Numbrino/Goprelto Request).

5.      Latham urgently needs these records for summary judgment briefing in an Administrative Procedure Act (APA) case against FDA concerning FDA's Numbrino approval. *See Genus Lifesciences, Inc. v. Alex Azar et al.*, Case No. 1:20-cv-00211-TNM (filed Jan. 27, 2020).  APA cases are typically resolved on the basis of the administrative record, which must contain all relevant information the agency had when it made the challenged decision.  *See, e.g.*, *Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).  But FDA has developed a practice of producing only partial administrative records.

6.      FDA has not made a determination on the Numbrino/Goprelto Request within the statutorily mandated 20 working days for such determination.  5 U.S.C. § 552(a)(6)(A)(i).  As a result, FDA is impeding Latham's access to these important records.

7.      Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits for making a determination on a given request. 5 U.S.C. § 552(a)(6)(C)(i).   Having fully exhausted applicable administrative remedies for its request, Latham now turns to this Court to enforce FOIA's guarantee of public access to agency records.   Accordingly, Latham asks this Court to declare that FDA has violated FOIA, to order FDA to provide Latham with legally compliant responses to its request, and to grant other appropriate relief, including attorney's fees and costs.

## PARTIES

8.      Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004.   Latham submitted the Numbrino/Goprelto Request as part of its representation of a client and likewise brings suit to further that representation.

9.      Defendant FDA is a component of the United States Department of Health and Human Services and an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1).   FDA is headquartered at 10903 New Hampshire Avenue, Silver Spring, MD 20993.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over Latham's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11.      This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

12.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B).

13.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) (providing FOIA venue in the District of Columbia).

## LEGAL BACKGROUND

14.     FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempt under 5 U.S.C. § 552(b).  *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

15.     FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA.  First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays. 5 U.S.C. § 552(a)(7)(A).  By regulation, "[u]pon receipt of a request for records," a division within FDA "shall enter" the request into a public log.  21 C.F.R. § 20.40(c).  The regulation provides that "[t]he log shall state," among other things, "the date [the request was] received."  *Id.*  FDA's public log, however, does not provide the specific date on which requests were received (only the month).  *See* FDA FOIA Logs,  https://www.fda.gov/regulatory-information/freedom-information/fda-foia-logs (last visited Feb, 13, 2020); *see also Latham & Watkins LLP v. U.S. FDA*, Answer ¶ 12, Civil Action No. 19-1867 (TJK), ECF No. 8 (Aug. 19, 2019) (FDA admission that "FDA's public log does not provide the date on which FOIA requests were received").

16.     Next, an agency must respond to a party making a FOIA request within twenty days of receipt, exclusive of weekends and legal public holidays, notifying that party of the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).  The D.C. Circuit has explained that to make a valid "determination" under the statute the agency must indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents."  *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86. 188 (D.C. Cir. 2013) (*CREW*); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (the agency must "(1) gather[] and review[] the [requested] documents; (2)

determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").  FDA regulations provide that all relevant "time limitations . . . shall begin as of the time at which a request for records is logged" in its public FOIA log, 21 C.F.R. § 20.41 but, as noted *supra*, that log does not contain specific dates of logging.

17.    The agency may extend the statutory twenty-day deadline only in "unusual circumstances," 5 U.S.C. § 552(a)(6)(B)(iii), and must then make the requested records "promptly" available, *id.* § 552(a)(3)(A), (a)(6)(C)(i), except where it can establish that one of FOIA's narrow exemptions listed at § 552(b) applies.

18.    When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester is deemed to have exhausted administrative remedies with respect to the request and may immediately file suit in district court.  5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186.

## FACTUAL BACKGROUND

19.    On January 15, 2020, Latham submitted the Numbrino/Goprelto Request to FDA via FedEx as part of its representation of a pharmaceutical client.

20.    The request sought copies of all records associated with two specific Investigational New Drug Applications and New Drug Applications submitted for drugs with the active ingredient cocaine hydrochloride manufactured by Lannett Company Inc. (Numbrino) and Genus Lifesciences, Inc. (Goprelto).  *See* Exhibit A, attached.  Latham agreed to pay all necessary fees for this request.

21.    The Numbrino/Goprelto Request was delivered to FDA on January 16, 2020, and was signed for at 9:24 AM.  *See* Exhibit B, attached (tracking information).  FDA sent a letter to

Latham dated January 22, 2020, acknowledging receipt of the request. *See* Exhibit C, attached. The acknowledgement letter, however, does not indicate the date that the request was *received*.

22.     FDA also entered the request in its public FOIA log. The public log likewise does not provide a date of receipt.

23.     Because FDA's acknowledgement letter was dated January 22, 2020, that is the latest plausible date that the agency was officially in receipt of the Numbrino/Goprelto Request. Accordingly, FDA was required to make the statutorily mandated determination on the request by no later than February 20, 2020.

24.     As of the date of this filing, FDA has not made a determination within the meaning of FOIA on the Numbrino/Goprelto Request.

25.     Because FDA has not issued a determination within the statutorily mandated timeframe, Latham is deemed to have exhausted its administrative remedies.   5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186.

26.     Latham urgently needs these records for summary judgment briefing in an APA case against FDA concerning FDA's Numbrino approval. *See supra* ¶ 5. The current schedule in the APA case provides that dispositive briefing will conclude on April 27, 2020. *See* ECF No. 13, Case No. 1:20-cv-00211-TNM (D.D.C.).

## CLAIMS FOR RELIEF

### CLAIM I
### (Failure to Produce Records)

27.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

28.     FOIA requires agencies to make a determination regarding all requests within 20 working days, or 30 days where unusual circumstances are present and the agency sends a timely written notice of such circumstances.

29.     Latham submitted its perfected Numbrino/Goprelto Request to FDA, which the agency received *no less than* 20 days ago (exclusive of weekends and legal public holidays).  *See* Exhibits B, C.

30.     Latham has a statutory right to receive a determination from FDA as to the Numbrino/Goprelto Request within the time frames that Congress required through FOIA.

31.     FDA violated FOIA by failing to make the required determinations in response to the Numbrino/Goprelto Request and by failing to produce records in response to the request.

32.     Latham is being harmed by reason of FDA's violation of FOIA and its unlawful withholding of records to which Latham is entitled.  Latham will continue to be harmed unless FDA is compelled to comply with the statute and produce the requested records.

## CLAIM II
## (Costs and Fees)

33.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

34.     Pursuant to 5 U.S.C. § 552(a)(4)(E), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

35.     Latham is statutorily entitled to recover fees and costs incurred as a result of FDA's failure to make timely determinations with regard to the Numbrino/Goprelto Request.  5 U.S.C. § 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C.

Cir. 2006) (complainant law firm is an organizational litigant statutorily eligible for costs and attorney's fees).

36.     Latham asks the court to order FDA to pay reasonable attorney fees and other litigation costs incurred in this case.

## REQUEST FOR RELIEF

WHEREFORE, Latham respectfully requests that this Court enter judgment in its favor and prays for the following relief:

1.     A declaration pursuant to 28 U.S.C. § 2201 that FDA has violated the Freedom of Information Act by failing to lawfully satisfy Latham's Numbrino/Goprelto Request.

2.     An order enjoining FDA to:

    a.     Respond to Latham's Numbrino/Goprelto Request; and

    b.     Release immediately all responsive records to Latham's Numbrino/Goprelto Request.

3.     An order awarding Latham its costs and attorney's fees.

4.     Such other and further relief as the court deems just and proper.

Dated: February 21, 2020

Respectfully submitted,

/s/ Andrew D. Prins
Andrew D. Prins (D.C. Bar No. 998490)
Ryan S. Baasch (D.C. Bar No. 144370)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Email: andrew.prins@lw.com

*Attorneys for Plaintiff Latham & Watkins LLP*