UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS LLP,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION,<br><br>　　　　　　*Defendant*. | Civil Action No. 20-0509 (TNM) |

## JOINT STATUS REPORT

Pursuant to the Court's December 18, 2020, Minute Order, Latham & Watkins LLP ("Plaintiff") and the U.S. Food and Drug Administration ("FDA" or "Defendant"), respectfully submit this joint status report to update the Court on developments in this Freedom of Information Act ("FOIA") matter since the parties' last report, and to propose a schedule for further proceedings in this matter. The parties state as follows:

1. Plaintiff's Complaint relates to a FOIA request dated January 15, 2020, seeking "copies of all records associated with two specific Investigational New Drug Applications and New Drug Applications submitted for drugs with the active ingredient cocaine hydrochloride manufactured by Lannett Company Inc. (Numbrino) and Genus Lifesciences, Inc. (Goprelto)." *Id*. at ¶ 20.

2. As previously reported, FDA's second interim production on June 30, 2020 included all responsive documents identified by FDA in the search it conducted based on the parties' narrowed scope agreement—attached as Exhibit A to the parties May 21, 2020, Joint Status Report (ECF No. 11)—with the exception of email records to or from former Center for Drug Evaluation and Research ("CDER") employees. The parties met and conferred by email on

July 1, July 9, July 13, and July 20, 2020, and by telephone on July 10, 2020, regarding the scope of FDA's search and Plaintiff's belief that some responsive documents may not have been produced. FDA conducted additional searches and made a third interim production on July 9, 2020, a fourth interim production on July 10, 2020, and a fifth interim production on July 22, 2020. *See* July 22, 2020, Joint Status Report (ECF No. 13).

3. Consistent with the parties' May 21, 2020, Joint Status Report (ECF No. 11), FDA produced the non-exempt portions of the remaining responsive documents—email records to or from former CDER employees—on October 2, 2020.

4. Plaintiff believes that some of the redactions in Defendant's FOIA productions are overbroad and otherwise impermissible under FOIA. Judicial resolution of these issues in this case may prove unnecessary, however, depending upon the Court's disposition of pending motions to complete the administrative record and for summary judgment in a related Administrative Procedure Act challenge that is also before the Court. *See Genus LifeSciences, Inc., v. Alex Azar et al.*, No. 1:20-cv-00211-TNM.

5. The parties respectfully submit that it would further the interests of judicial economy to defer further proceedings in this FOIA action at this time, and propose to file a further joint status report on or before April 15, 2021.

Dated:  January 15, 2021

Respectfully submitted,

*/s/ Andrew D. Prins*
Andrew D. Prins (D.C. Bar No. 998490)
Ryan S. Baasch (D.C. Bar No. 144370)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Email: andrew.prins@lw.com


*Counsel for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Civil Division Chief

By: */s/ Diana v. Valdivia*
DIANA V. VALDIVIA
Assistant United States Attorney
D.C. Bar # 1006628
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2545
Diana.valdivia@usdoj.gov

*Counsel for Defendant*